IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZURICH AMERICAN INSURANCE CO.,
As subrogee of Forterra, Inc., and FORTERRA, INC.,

               Plaintiffs,

v.                                      Case No.  20-2411-JWB

BNSF RAILWAY CO.,

               Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant BNSF Railway Company's motion to dismiss.  (Doc. 7.)  The motion has been fully briefed and the court is prepared to rule.  (Docs. 8, 10, 11.)  For the reasons stated herein, Defendant's motion is DENIED.

### I.      Facts

Plaintiff Forterra, Inc. ("Forterra") manufactures products used in wastewater and drainage infrastructure.  Plaintiff Zurich American Insurance Company ("Zurich") provided a policy of insurance to Forterra covering its products and related business.  Prior to July 12, 2018, Forterra retained Mode Transportation ("Mode") to act as a third-party shipper for 96 pieces of Forterra pipe casting that was to be shipped from Forterra's manufacturing facility in Ohio to St. Joseph, Missouri.  (Doc. 4 at 2.)  Mode arranged for Norfolk Southern Railway Company ("Norfolk") to transport the pipe castings.  Bills of lading were issued for the shipment.  The bills of lading included special instructions that said "DO NOT HUMP."  (Doc. 4, Exh. 1.)  The bills of lading identified the carrier name as Norfolk and the third party shipper as Mode.  Although unsigned, there is a signature block for the shipper and the carrier.  The printed name of the carrier is Norfolk. (*Id.*)

On July 12, 2018, the Forterra pipe castings departed Ohio on four flat cars transported via railroad by Norfolk.  Prior to July 22, 2018, three of the flat cars arrived at Defendant BNSF Railway Company's ("BNSF") railyard in Kansas City, Kansas, and they were transferred from Norfolk to BNSF.  They were connected with other cars travelling north towards St. Joseph.  On or about July 22, 2018, the Forterra pipe castings were damaged while in possession of BNSF at its railyard in Kansas City.  BNSF notified Forterra that the pipe castings had been damaged.  (Doc. 4 at 3.)

On August 20, 2018, Forterra sent a notice of a claim to BNSF seeking reimbursement for the damages.  On April 18, 2019, BNSF notified Forterra that it was denying the claim for damages.  Forterra then made a claim under its insurance policy.  Zurich then made payments to Forterra in the amount of $167,153.96 for the claim on the pipe castings.  On August 20, 2020, Zurich and Forterra filed this claim under the Carmack Amendment, 49 U.S.C. § 11706, against BNSF to recover the amount paid for the damages to the pipe castings.  (Doc. 4.)

BNSF moves to dismiss the complaint on the basis that it is barred by the statute of limitations.

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III.   Analysis

The Carmack Amendment creates a national scheme to compensate a shipper for damages to goods during interstate shipping.  *See New York, New Haven & Hartford R.R. v. Nothnagle*, 346 U.S. 128, 131 (1953).  The Carmack Amendment includes a limitations period for a shipper to bring a claim in court.  It provides as follows:

> (e) A rail carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice.

49 U.S.C. § 11706(e).

Based on the statute and the allegations in the complaint, the complaint is timely.  BNSF denied the claim on April 18, 2019, and this action was filed less than two years later on August 20, 2020.  BNSF argues that a different limitations period applies.

"To promote competition in the rail industry, several acts followed [the Carmack Amendment] to deregulate certain shipments."  *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 3 F. Supp.3d 171, 180 (S.D.N.Y. 2014).  One of those, the Staggers Rail Act, included 49 U.S.C. § 10502(e) which provides that "[n]othing in this subsection or section 11706 of this title shall prevent rail carriers from offering alternative terms nor give the Board the authority to require any specific level of rates or services based upon the provisions of section 11706 of this title."  Under this provision, courts have found that carriers may limit liability for the transportation of an exempt commodity, including the time to bring a claim, as long as the shipper has been given the option of shipping under the Carmack Amendment.  *Schoenmann Produce Co. v. Burlington N. & Santa Fe Ry. Co.*, 420 F. Supp.2d 757, 759–60 (S.D. Tex. 2006).  Notably, courts have held that certain factors must be met for the carrier to have successfully

3

limited its liability under the Carmack Amendment. *See Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1306 (11th Cir. 2018).[1]  In any event, BNSF turns to documents outside of the pleadings to argue that the statute of limitations has been limited.  Essentially, BNSF argues that its tariff provides a shortened statute of limitations.  Zurich and Forterra object to the consideration of the exhibits attached to BNSF's motion on the basis that they were not incorporated by reference in their pleading and have not been authenticated.

On a motion to dismiss, the court may consider the complaint itself and any attached exhibits or any documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).  A court also "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.*

First, BNSF has attached bills of lading that it asserts are the electronic copies of the bills of lading that are attached to the complaint.  (Doc. 8 at 3, n. 5.)  These bills of lading are similar to the bills of lading attached to the complaint but they each have an additional page that lists several codes.  (Doc. 8, Exh. B.)  Also, there is a waybill attached to BNSF's exhibit that appears to be a separate document and is dated August 23, 2018.  BNSF argues that these bills of lading are the same bills of lading that are attached to the complaint and, therefore, have been incorporated by reference.  However, BNSF has not authenticated this exhibit and Zurich and Forterra object to its consideration.  To consider the exhibit, it must be indisputably authentic. *GFF Corp.*, 130 F.3d at 1384.  The court declines to consider this exhibit in deciding the motion to dismiss.

---

[1] As the court will not consider BNSF's exhibits, it is not necessary to recite those factors here although they would likely be considered on a motion for summary judgment.

Next, BNSF has attached the BNSF Rules Book 6100-B ("Rules Book") as an exhibit. (Doc. 8, Exh. A.)  BNSF argues that the court may consider this exhibit because the Rules Book operates as its "publicly available tariff" and the bills of lading reference the tariff.  (Doc. 8 at 3.) Reviewing the bills of lading, they do state that the bills of lading are "RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading." (Doc. 4 at Exh. 1.)  The bills of lading, however, were issued by Norfolk, not BNSF.  Even if the term "tariffs" included BNSF's tariff because it was a carrier who transported the goods at one point, BNSF does not cite any authority for the proposition that the tariff can be considered by the court on a motion to dismiss.  The tariff is not referenced in the complaint, so it is not incorporated by reference in the complaint.  Rather, it is allegedly referenced in an exhibit.  To consider a document on a motion to dismiss, it must be attached to the complaint or referenced in the complaint.  *GFF Corp.*, 130 F.3d at 1384.  BNSF's tariff -- or Rules Book -- is neither.  Zurich and Forterra also object to the exhibit on the basis that it was not authenticated.  The court declines to consider this exhibit at this stage of the proceedings.

While the court may dismiss an action pursuant to a 12(b)(6) motion on the basis of an affirmative defense such as the statute of limitations, it must be "clear" from the dates given in the complaint "that the right sued upon has been extinguished."  *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *see also, Solomon v. HSBC Mortgage Corp.*, 395 F. App'x. 494, 497 (10th Cir. 2010).  To be successful on its motion to dismiss based on the affirmative defense, BNSF must show that it is clear from the face of the complaint and the bill of lading attached thereto that the claim is barred by the statute of limitations.  *Id.*

Such determination is more appropriate for summary judgment.  Based on the allegations, the claim is timely as it was filed within two years of BNSF's denial of the claim.

**IV.      Conclusion**

BNSF's motion to dismiss (Doc. 7) is DENIED.

IT IS SO ORDERED.  Dated this 16th day of  November 2020.

_ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE